ACME UPHOLSTERY COMPANY *vs.* HARRY GARBER.

First Judicial District, Hartford, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 1st—decided October 25th, 1929.

*John P. Harbison,* with whom was *Abraham A. Katz,* and, on the brief, *Solomon Elsner,* for the appellant (defendant).

*Ralph O. Wells,* with whom, on the brief, was *Louis W. Schaefer,* for the appellee (plaintiff).

HINMAN, J. The plaintiff, a manufacturer of upholstered furniture, occupied the second and third floors of a building on Allyn Street in Hartford, and the defendant occupied the fourth floor for the storage of furniture. A sprinkler system existed throughout the building. On August 9th, 1925, while two employees of the defendant were at work moving chairs from the main fourth floor to a mezzanine floor, one of the sprinkler heads under the ceiling of the fourth floor suddenly gave way, resulting in the issuance of a large quantity of water, some of which flowed through cracks in the floor into the second and third floor

premises and wet and damaged furniture, materials, and supplies belonging to the plaintiff.

The trial court found (in paragraph ten) that the work by defendant's servants "was being done in the immediate vicinity of the sprinkler heads"; (in paragraph eleven) that they were lifting the furniture to the mezzanine floor "at or near the point" where the sprinkler head which gave way was located; (in paragraph thirteen) that "an examination of the sprinkler head gave indications of having had some force applied to it"; and (in paragraph twenty-one) that "no cause that might release the sprinkler head, other than the striking of it by some object, existed or was present at the time in question." It was also found (paragraph fourteen) that "the breaking of the sprinkler head was caused by the negligence of the employees of defendant in hitting the same with a piece of furniture, while lifting the same overhead to the mezzanine floor."

The appeal attacks, as without support in the evidence, the portions of the finding above quoted. As to the statements contained in paragraphs ten and eleven we find no evidence as to the height of the fourth floor premises or of the mezzanine above the main floor, the point at which the furniture was being raised and placed, or the location of the sprinkler head with relation thereto, or other tangible support for the findings as to such relative locations, and these are stricken out. The finding (paragraph thirteen), as to indications that force had been applied to the sprinkler head has, to that extent, some justification in the evidence, but the time when such force was applied and its physical effects upon the sprinkler head are undetermined and rest in speculation, only.

The further finding that the sprinkler head was broken by the negligent hitting of it with a piece of furniture by defendant's employees is not properly de-

ducible, as a conclusion from the other facts found, especially in the absence of the findings as to location, which we have eliminated; neither is there requisite support for it in the evidence. The only testimony savoring of directness, relating to that subject, is that of a captain of the fire department who stated that he asked one of the men who had been moving the furniture if they had hit the sprinkler head with a chair, and his answer was "no." The force of the opinion of the chief of the fire department, based on a question hypothetical in form, is vitiated by the inclusion in the question of an assumption, not warranted by the evidence, that the furniture was being piled near the sprinkler head. The exclusion, by paragraph twenty-one, of causes other than striking by some object at the time and place in question lacks essential support. The evidence suggests several other likely causes, including injury to the sprinkler head at some earlier time combined with fluctuation of water pressure, vibration, or other nonnegligent agency.

The record is insufficient to establish, other than by inadmissible speculation, that the specific cause, as to manner and time, was as alleged in the complaint, and leaves the judgment without essential support.

As no question regarding the amount of damages awarded was presented by the assignments of error, the inclusion in the evidence certified and printed of the very considerable amount of testimony relating to that subject transgressed § 23 of the rules of this court (Practice Book, p. 315) and our repeated admonitions that such unnecessary expense and inconvenience should be avoided. *Dejon* v. *Smedley Co.,* 108 Conn. 659, 671, 144 Atl. 473.

There is error and a new trial is ordered.

In this opinion the other judges concurred.