ACME UPHOLSTERY COMPANY *vs.* HARRY GARBER.

First Judicial District, Hartford, October Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued October 14th—decided November 7th, 1930.

*John P. Harbison,* with whom was *Abraham A. Katz,* for the appellant (defendant).

*Ralph O. Wells,* for the appellee (plaintiff).

PER CURIAM. This appeal is from the judgment rendered in the new trial ordered upon a former ap-

peal. *Acme Upholstery Co.* v. *Garber,* 110 Conn. 166, 147 Atl. 561. The record discloses that the deficiencies in proof and in the finding, as corrected, there held to deprive the judgment of essential support, were adequately supplied in the course of the retrial. Evidence was produced as to the location of the sprinkler head, the release of which caused the damage, with relation to the mezzanine floor to which furniture was being transferred from the main floor below, and the proximity thereto of the defendant's workman who was receiving and piling the chairs, sufficient to justify the inference, other probable causes being fairly excluded, that the giving way of the sprinkler head was caused by its being struck by chairs being handled by the workman. The evidence tending to exclude other reasonably possible causes, such as heat sufficient to release the sprinkler head, freezing and subsequent thawing, structural defect or deterioration, or fluctuations in water pressure was ample to support the finding of fact in that regard, and these facts sustain the conclusion that the release was not due to such cause. The addition to the finding, as appellant requests, that he did not have access to the shut-off valve of the sprinkler system for the entire building, of which he occupied one floor, would not affect the control and duty of the defendant as respects inspection and care of the sprinkler heads located in the premises of which he had exclusive possession. No change in the finding is warranted which would affect the ultimate conclusion that the release was due to a blow caused by negligence of the defendant's employee.

There is no error.